DANIEE, J.
This case turns on the proper construction of the 15th section of the 37th chapter of the Code, prescribing the mode in which lands, returned delinquent for taxes, are sold therefor, or vested in the commonwealth. Preceding sections of the chapter having declared when, where and how land is to be sold for taxes, and provided for a payment of the purchase money and a receipt therefor, and for the return of a list of sales to the court of the county or corporation whose officer may have made the sales; and ^having also pointed out the time and *576 mode for the redemption of any land so sold, the 14th section provides that the purchaser of a part of any tract so sold and not redeemed within two years, shall have the quantity purchased surveyed and laid off, the survey to commence on either of the lines of the tract at the option of the purchaser, so as not to include the improvements on the same (if it can be avoided), and to be in one body, the length whereof shall not be more than double the breadth, when that is practicable. It further provides that a plat and certificate of the survey shall be returned to the court of the county; and if the court, upon examination thereof, find it to be correctly made in conformity with said fourteenth section, it shall order the same to. be recorded.
And the fifteenth section provides that when an entire tract of land is so sold, and not redeemed within the two years, the purchaser shall have a report made by the surveyor of the county to the court thereof, specifying the metes and bounds of the land sold, and the names of the owners of the adjoining tracts; and giving such further description of the land sold as will identify the same: and the County court, unless it see some objection to such report, shall order the same to be recorded.
And the sixteenth section then provides that after the expiration of the two years, the purchaser of the land so sold and not redeemed shall obtain from the clerk or deputy clerk of the court of the county or corporation, whose officer may have sold such land, a deed conveying the same, in which shall be set forth all the circumstances appearing in the clerk’s office in relation to the sale. Moreover if the sale be of part of a tract of land, the deed shall refer particularly to the plat and certificate of survey returned, according to the fourteenth section, and the order of the court thereupon; and if the sale be of an entire tract of *land, it shall refer to the report made according to the fifteenth section, and the order thereupon. If the sale be of a town lot, or of an undivided interest in such lot, and a report be made by a surveyor describing the same, and such report be ordered by the court to be recorded, the deed shall refer to the said report. But when in the case of a sale of a town lot or of an undivided interest in such lot there is no such report, the clerk shall nevertheless execute a deed therefor to the purchaser, if he desire the same.
Can there be any reasonable doubt as to the nature and extent of the duty to be performed by the County court under the fourteenth section? After pointing out how the survey is to be made, and requiring a plat and certificate of it to be returned to the court, the section, in plain and unambiguous terms, limits the enquiry of the court to the question whether or no the survey is correctly made in conformity with said section. Does the plat and certificate show that the survey commences on one of the lines of the tract sold? Is it so made as not to include the improvements? Is it in one body? Is the length no more than double the breadth? If so, then the condition, the only condition on which the order for the record of the survey is in terms made to depend, is satisfied, and the duty of the court to make the order becomes absolute.
The duty of the court under the fifteenth section is, I think, equally simple and obvious. “Unless it see some objection to such report, ’ ’ it is to order it to be recorded. Does the report specify the metes and bounds of the land sold, and the names of the owners of the adjoining tracts, and give such further description of the land sold as will identify the same? If in any case arising under this section these questions are answered affirmatively, what possible objection can the court see to the report? And how can it make *objection to the regularity of some previous proceeding the ground for refusing to record the report, without violating the express command requiring it to order the report to be recorded, unless it sees some objection; not some objection generally, but some objection to the report?
The meaning of the terms employed in the section seems to my mind too plain to admit of any doubt as to the answer to be given. And indeed we cannot convert the examination by the court of the survey under the 14th section, or of the order under the ISth, into an occasion for contesting and deciding upon the regularity and validity of the previous proceedings, without imputing to the legislature a gross partiality and injustice. For we have seen that by the provisions of the 16th section, when the sale is of part of 'a tract of land, the deed is to refer particularly to the plat and certificate of survey returned, and when the sale is qf the entire tract, the deed is to refer to the report required by the ISth section. Whereas in the case of the sale of a town lot, the provision is, that if there be a report made by a surveyor describing it, and the report has been recorded, the deed is to refer to such report; but if there is no such report, the clerk shall nevertheless execute a deed for such lot to the purchaser, if he desire it. And thus as the purchaser may procure his deed, in the case of the sale of a town lot, without having had any survey or report made, the opportunity for showing defect in the previous proceedings, which under the construction contended for by the plaintiff in error is afforded in all cases to the owners of tracts and parts of tracts of land sold for taxes, is virtually denied to the owners of town lots so sold, by being made to depend on the mere option and course of the purchaser. Such a construction, therefore, is condemned as well by the results which flow from it as by the plain meaning of the language ^empkwed in the statute. And I feel no difficulty in coming to the conclusion that in cases like the one under consideration, the County court has no right to look beyond the return of the list of sales by the sheriff, and to examine into the regularity of the previous steps. No matter *577 what such steps may have been or how conducted, they can have no bearing on the simple duty it is called upon to discharge. That duty is in no wise judicial, but purely ministerial. Rex v. Justices of Derbyshire, 1 Win. Black. 606; Dawson v. Thruston, 2 Hen. & Munf. 132; Manus v. Givens, 7 Leigh 689. And upon the authority of these cases, I think it also clear that the means of testing the correctness of the action of the County court in refusing to record the report, is not by writ of error or superse-deas, but by mandamus. So much of the judgment of the Circuit court, therefore, as passes on the refusal of the County court to order the report to be recorded, is erroneous. The Circuit court ought simply to have reversed the judgment of the County court dismissing the motion, and ordering the payment of costs, leaving the defendant in error free to renew his application to the County court to have the report recorded, or to take such other course as he may be advised to pursue in the premises.